UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 04 CR 676-1 |
| WILLIAM MOORE, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant William Moore's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 750, filed on November 18, 2011. The Government filed a response on November 22, 2011. Counsel was appointed at the December 6, 2011 status hearing.

## BACKGROUND

On January 26, 2005, pursuant to a written plea agreement, Moore pled guilty to two counts of knowingly and intentionally distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1). On February 15, 2006, Moore was sentenced by this Court to a term of 294 months' imprisonment. In his plea agreement, Moore stipulated that he had manufactured and distributed over 1,000 grams of crack cocaine. Moore's base offense level was 35, which was calculated by starting at a base offense level of 36, pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(c)(2), for an amount of crack cocaine between 500 grams and 1.5 kilograms. Moore then received a two-level enhancement, pursuant to § 3B1.1, based on an aggravating role in the offense. Moore

also received a three-level reduction, pursuant to § 3E1.1(a) and § 3E1.1(b), for acceptance of responsibility. Based on his criminal history, Moore received a criminal history category of V. With a combined offense level of 35 and a Criminal History Category V, Moore's Guidelines range was 262 months to 327 months' imprisonment.

On March 24, 2008, Moore filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of sentence, based on Amendment 715, which became effective May 1, 2008, but was retroactive. Amendment 715 modified the Commentary to § 2D1.1 to revise the manner in which combined offenses are calculated in cases involving cocaine base (crack) and other controlled substances. *See* USSG, Supplement to App. C, Amend. 715. Moore's revised offense level was 33, and, when combined with a criminal history category of V, his resulting Guidelines range was 210 to 262 months' imprisonment. On May 1, 2008, the Court reduced Moore's sentence to 235 months' imprisonment.

## ANALYSIS

The Fair Sentencing Act of 2010 (the "Act) reduced the disparity between sentences related to cocaine and sentences related to crack. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Act reduced the statutory penalties for crack offenses and contained directives requiring the Sentencing Commission to amend the Guidelines. *Id.* at 2372-75. Amendment 748 to the Sentencing Guidelines, which was made effective on November 1, 2010, amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. *See* USSG, App. C, Vol. III at 374-81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Sentencing Guidelines. *See* 76 Fed.Reg. 41332–

35 (July 13, 2011). Amendment 750 went into effect on November 1, 2011. *Id.* at 41332.

Moore seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. In relevant part, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 750 retroactively alters the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines.

In *Dillon v. United* States, 130 S.Ct. 2683 (2010) (*Dillon*), the United States Supreme Court set forth a two-step inquiry for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. First, the district court must determine whether the defendant is eligible for a sentence reduction. *Dillon*, 130 S.Ct. at 2691. To determine eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 750] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). If a defendant is eligible for a reduction of sentence, "the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Dillon*, 130 S.Ct. at 2692.

In Moore's case, Amendment 750 does not have the effect of further lowering the Guideline range that the Court used to re-calculate Moore's sentence after he filed his March 24, 2008 motion for reduction of sentence, as mentioned above. In 2008, Moore's total offense level was 35 and the Guideline range based on Amendment 715 was 210 to 262 months' imprisonment.

Now, under the Drug Quantity Table altered by Amendment 750, Moore's base offense level is 34. This is the base offense level that corresponds to at least 840 grams but less than 2.8 kilograms of crack.[1] *See* USSG § 2D1.1(c). Moore stipulated that he distributed in excess of 1,000 grams of crack. When combined with the other Guideline enhancements and reductions made at the time of Moore's sentencing (as set out above), Moore's revised total offense level is 33. With a criminal history category of V, Moore's revised Guideline range is 210 to 262 months' imprisonment. This range is identical to the one used by the Court to re-calculate Moore' sentence on May 1, 2008, when the Court reduced Moore's sentence to 235 months' imprisonment.

"A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B 1.10(a)(2)(B). Therefore, because the applicable Guideline range is the same as the 2008 Guideline range used by this Court, Moore is not entitled to a further reduction of his 235-month sentence. *See also* USSG § 1B1.10, comment. (n. 1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant

---

[1] Moore argues that his revised offense level is now 28. This is not supported by the revised Drug Quantity Table.

4

but the amendment does not have the effect of lowering the defendant's applicable Guideline range); *see also United States v. Roa-Medina*, 607 F.3d 255, 260-61 (1st Cir. 2010) (holding that a sentence reduction under 18 U.S.C. § 3582(c)(2) was not available because the amendment does not have the effect of lowering the defendant's applicable Guideline range); *United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir.2008) (concluding that, unless the applicable sentencing range changes, a reduction in the base offense level does not allow for a sentence reduction).

## CONCLUSION

For the reasons set forth above, Moore's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [73] is denied.

Date: January 17, 2012

JOHN W. DARRAH
United States District Court Judge